ORIGINAL

PETER D. KEISLER
Assistant Attorney General
DANIEL R. ANDERSON
JOHN K. HENEBERY
Trial Attorneys
Commercial Litigation Branch
U.S. Department of Justice
601 D Street, NW
Washington, D.C.  20004
Telephone:  (202) 305-7726
Facsimile:  (202) 616-3085

EDWARD H. KUBO, JR.   2499
United States Attorney
District of Hawaii
HARRY YEE  3790
RACHEL S. MORIYAMA   3802
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-3752
Email: Harry.Yee@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 26 2007

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

LODGED

FEB 26 2007

CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. MARIA VALLADARES KADZIELAWA,<br><br>   Relator/Plaintiff,<br><br>vs.<br><br>KAISER FOUNDATION HOSPITALS and KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>   Defendants. | CIVIL NO. 03-00631 DAE LEK<br><br>JOINT STIPULATION OF PARTIAL DISMISSAL; ORDER |

JOINT STIPULATION OF PARTIAL DISMISSAL

The United States of America ("United States") and

Relator Maria Valladares Kadzielawa ("Relator"), by and through

their respective undesigned attorneys, hereby stipulate as follows:

1. On November 18, 2003, the Relator filed her complaint in the above captioned matter (the "Relator's Complaint"). The Relator's Complaint alleged that the defendants (collectively referred to as "Kaiser") improperly billed government payors for excessive units of one-on-one physical therapy services and for physical therapy services performed by unlicensed personnel. On May 4, 2004, Relator filed a First Amended Complaint and brought claims on behalf of the State of California, the State of Hawaii, the Commonwealth of Virginia and the District of Columbia.

2. On October 23, 2006, the United States partially intervened in the Relator's First Amended Complaint. Specifically, the United States intervened in that part of the Relator's First Amended Complaint which alleged that Kaiser improperly submitted fee-for-service claims to the United States for excessive units of one-on-one outpatient physical therapy services and for outpatient physical therapy services rendered by unlicensed personnel. The United States declined to intervene in the remaining portion of the Relator's First Amended Complaint which alleged that Kaiser improperly submitted outpatient physical therapy claims to the United States in the context of managed care plan contracts between Kaiser and the United States.

3. The United States and the Relator have entered into a written agreement with Kaiser ("the Settlement Agreement") which is a full settlement of the claims in the Relator's First Amended Complaint on which the United States has intervened -- i.e., the claims alleging that Kaiser improperly submitted fee-for-service claims to the United States for excessive units of one-on-one outpatient physical therapy services and for outpatient physical therapy services rendered by unlicensed personnel. The United States and the Relator agreed that the amount and terms of the Settlement Agreement are fair adequate and reasonable pursuant to 31 U.S.C. § 3730(c)(2)(B).

4. The Settlement Agreement also resolved the Relator's right to seek payment of attorney's fees and costs arising from this settlement under 31 U.S.C. § 3730(d)(1) and her right to seek an award of a Relator's share of the settlement proceeds pursuant to 31 U.S.C. § 3730(d)(1).

5. The Settlement Agreement did not resolve those claims in the Relator's First Amended Complaint on which the United States declined to intervene -- i.e., the claims alleging that Kaiser improperly submitted outpatient physical therapy claims to the United States in the context of managed care plan contracts between Kaiser and the United States.

6. The Settlement Agreement also did not resolve those claims in the Relator's First Amended Complaint brought on

3

behalf of the State of California and the State of Hawaii.

7. On January 11, 2007, Relator filed Qui Tam Relator/Plaintiff's Notice of Dismissal of Claims of the Commonwealth of Virginia and District of Columbia Against Defendants Kaiser Foundation Hospitals and Kaiser Foundation Health Plan, Inc.

8. Qui Tam Relator will seek leave to file a Second Amended Complaint which will include only those claims not resolved by the Settlement Agreement, i.e., the claims alleging that Kaiser improperly submitted outpatient physical therapy claims to the United States in the context of managed care plan contracts between Kaiser and the United States and the claims brought on behalf of the State of California and the State of Hawaii.

9. Accordingly, the Relator and the United States jointly request, pursuant to Fed. R. Civ. P. 41(a)(1) and 31 U.S.C. § 3730(b)(1), that the portion of the Relator's First Amended Complaint on which the United States intervened -- i.e., the claims alleging that Kaiser improperly submitted fee-for-service claims to the United States for excessive units of one-on-one outpatient physical therapy services and for outpatient physical therapy services rendered by unlicensed personnel -- be dismissed with prejudice as to the United States and the Relator.

10. The Relator and the United States further request that the Court retain jurisdiction over First Amended Complaint and for the purpose of enforcing the Settlement Agreement.

DATED: ___FEB 28 2007___, at Honolulu, Hawaii.

PETER D. KEISLER
Assistant Attorney General
JOHN K. HENEBERY
Trial Attorney
Commercial Litigation Branch
United States Department of Justice

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
THOMAS R. GRANDE, ESQ.
WARREN PRICE III, ESQ.
Attorneys for Relator
MARIA VALLADARES
KADZIELAWA

By_____
HARRY YEE
RACHEL S. MORIYAMA
Assistant U.S. Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

APPROVED AND SO ORDERED:

_____
JUDGE OF THE ABOVE-ENTITLED COURT

USA, ex rel. Kadzielawa v. Kaiser, et al.; Civil 03-00631 DAE LEK; "JOINT STIPULATION OF PARTIAL DISMISSAL; ORDER"

5