OF COUNSEL:

DAVIS LEVIN LIVINGSTON GRANDE

THOMAS R. GRANDE          3954-0
851 Fort Street, 4th Floor
Honolulu, Hawaii  96813
Telephone:  (808) 524-7500
Facsimile:  (808) 545-7802
Email: tgrande@davislevin.com

PRICE, OKAMOTO, HIMENO & LUM

WARREN PRICE III          1212-0
707 Richards Street, Suite 728
Honolulu, Hawaii  96813
Telephone:  (808) 538-1113
Facsimile:  (808) 533-0549
Email: wprice@pohlhawaii.com

  Attorneys for *Qui Tam* Relator/Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA E*X REL*. MARIA VALLADARES KADZIELAWA, STATE OF HAWAII E*X REL*. MARIA VALLADARES KADZIELAWA, STATE OF CALIFORNIA E*X REL*. MARIA VALLADARES KADZIELAWA, COMMONWEALTH OF VIRGINIA E*X REL*. MARIA VALLADARES KADZIELAWA, DISTRICT OF COLUMBIA *EX REL*. MARIA VALLADARES KADZIELAWA,<br><br>     Relator/Plaintiff, | CIVIL NO. 03-00631 DAE LEK (Other Civil Action/*Qui Tam*)<br><br>**PLAINTIFF'S RULE 16 SCHEDULING CONFERENCE STATEMENT; AND CERTIFICATE OF SERVICE**<br><br>DATE : April 9, 2007<br><br>TIME : 9:30 A.M.<br><br>Judge Leslie E. Kobayashi |

|  |  |
|---|---|
| vs.<br><br>KAISER FOUNDATION HOSPITALS and KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>              Defendants. | TRIAL:    Not yet scheduled |

**PLAINTIFFS' RULE 16 SCHEDULING CONFERENCE STATEMENT**

Pursuant to LR 16.2(b) of the Rules of the United States District Court for the District of Hawaii, Plaintiff submits the following Scheduling Conference Statement.

**I.    SHORT STATEMENT OF THE NATURE OF THE CASE**

   **A.  STAMENT OF FACTS**

Kaiser Foundation Hospitals and Kaiser Foundation Health Plan, Inc., (collectively "Defendants") engaged in a knowing course of conduct to falsely claim that:

   a)    it was delivering "one-on-one" physical therapy health services when it fact it was delivering less-costly "group" or "concurrent" services, while still billing the United States and states for the "one-on-one" service; and

   b)    it was billing for physical therapy services under a physical therapist's provider number when the services were actually performed by unlicensed physical therapy assistants without the physical therapist being physically present or readily available.

2

In submitting these false claims for payment to Medicare, Medicaid and Tri-Care, Defendants violated the Federal False Claims Act, 31 U.S.C.A. §§ 3729(a)(1), (2) and (3) and applicable state false claims acts

Defendants' policy resulted in the delivery of substandard physical therapy services to elderly, lower income, and military patients in violation of government health insurance program standards.  As a result of Defendants' policies to maximize revenue at the expense of quality medical service, Defendants falsely certified to government health insurance programs the physical therapy services it provided by:

    a)    violating minimum quality of care standards by not having the physical therapist physically present or readily available while physical therapy assistants were providing services;

    b)    falsifying medical chart documentation and medical records by certifying that "one-on-one" physical therapy was provided, while instead providing "group" or "concurrent" therapy, and by having physical therapists co-sign charts to make it appear that they were physically present or readily available, when they were not; and

    c)    falsifying billing service records by submitting bills for "one-on-one" physical therapy, while instead providing "group" or "concurrent" therapy and by submitting bills under physical therapists' provider numbers when the physical therapist was not physically present or readily available.

    (d) using unlicensed personnel without proper supervision to deliver physical therapy services.

 **B.** **PROCEDURAL HISTORY.**

Plaintiff filed the Complaint on November 18, 2003 and a First Amended Complaint on May 4, 2004.

The Government requested and received extensions to extend time to determine whether to intervene on April 1, 2004; July 16, 2004; January 12, 2005; June 22, 2005; September 9, 2005; November 9, 2005; May 8, 2006; June 26, 2006; and September 19, 2006.

 **1.** **Status of Federal Claims**

On October 23, 2006, the United States filed a Notice of Election to intervene in part and to decline intervention in part. The United States intervened in that part of the case that alleges that Defendants improperly submitted Medicare fee-for-service claims to the United States and the federal portion of Medicaid fee-for-service claims to the states of California and Hawaii. The United States declined to intervene in the part of case that alleged that Defendants improperly submitted outpatient physical therapy in the context of Medicare managed care contracts between the Defendants and the United States and Medicaid managed care contracts between Defendants the states of California and Hawaii.

On February 28, 2007, the United States filed a Joint Stipulation of Dismissal between them and the Plaintiff. It was stipulated, among other things, that: (1) the United States and Defendants entered into a written agreement ("Settlement Agreement") which was a full settlement of the claims in Plaintiff's First Amended Complaint on which the United States had intervened, i.e. fee-for-service claims under Medicare and the federal portion of Medicaid; (2) the Settlement Agreement did not resolve those claims on which the United States did not intervene, i.e. Medicare managed care claims; (3) the Settlement Agreement did not resolve those claims in the First Amended Complaint brought on behalf of the state portion of Medicaid in California and Hawai'i; and (4) Plaintiff will seek leave to file a Second Amended Complaint that will include only those claims not resolved the Settlement Agreement, i.e. managed care claims.

### 2. State of State Claims

On September 9, 2005, California filed their Notice of Election to decline intervention.

On January 11, 2007, Plaintiff filed a Notice of Dismissal of the claims of the Commonwealth of Virginia and District of Columbia because there was no longer a basis for the relief sought in the Amended Complaint.

The State of Hawaii has not made its intervention decision.

### 3. Service of Process

In late 2006, the Plaintiffs and Defendants were actively negotiating a settlement of the claims and attempted to resolve the remainder of the case, i.e. a) federal HMO Medicare claims, b) state of Hawaii Medicaid claims and c) state of California Medicaid claims. Plaintiff therefore filed an Ex Parte Motion requesting a 120-day extension of time within which to serve the First Amended Complaint and Summons upon Defendants from December 9, 2006 up to and including April 8, 2007. The Order was granted on December 1, 2006.

Defendants counsel has agreed to accept service of the First Amended Complaint.

## II. STATEMENT OF JURISDICTION

This action is brought to remedy Defendants' submission of false claims to the Medicare programs in violation of the Federal False Claims Act, 31 U.S.C. §§ 3729-33, pursuant to the Qui Tam provisions of that Act.

This court has subject matter jurisdiction over this matter pursuant to the Federal False Claims Act, 31 U.S.C. §§ 3729-33 and pursuant to 28 U.S.C. § 1331, since these claims arise from violations of laws of the United States and related state statutes.

This court has personal jurisdiction over the parties because Ms. Kadzielawa resides in and has her principal place of residence within the District of Hawaii and because Defendants conduct business within the District of Hawaii.

Venue is proper within the District of Hawaii pursuant to 28 U.S.C. §§ 1391(b)(1) and (2), because Defendants operate within the State of Hawaii and pursuant to 31 U.S.C. § 3732 because Defendants transact business within the District of Hawaii and some of its submission of false claims occurred within the District of Hawaii.

### III. DEMAND FOR JURY TRIAL

Trial by jury has been demanded.

### IV. DISCLOSURES

Counsel will agree to normal procedures for disclosures.

### V. DISCOVERY COMPLETED, IN PROGRESS, MOTIONS PENDING

No formal discovery has been done.

### VI. SPECIAL PROCEEDINGS

None at this time.

### VII. ANY RELATED CASE

There are no related cases.

## VIII.  ANY ADDITIONAL MATTERS

Plaintiffs intend to file a motion to amend the complaint to restrict the allegations to the claims remaining in the lawsuit.  Thereafter, Defendants intend to file a motion to dismiss.

Dated:  Honolulu, Hawaii, April 2, 2007.

.

      /s/ THOMAS R. GRANDE
THOMAS R. GRANDE

Counsel for Plaintiff/Relator
MARIA VALLADARES
KADZIELAWA